# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

COREY BRACKEN, :
 : 
      Plaintiff, :
 :
v. : Civ. No. 14-920-LPS
 :
MCDONALD'S CORPORATION, :
 :
      Defendant. :

Corey Bracken, Greenwood, Indiana, Pro Se Plaintiff.

William R. Adams, Esquire, Dickie McCamey & Chilcote, P.C., Wilmington, Delaware. Counsel for Defendant.

## MEMORANDUM OPINION

March 13, 2015
Wilmington, Delaware

{signature}
STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Corey Bracken ("Plaintiff"), who resides in Lake Havasu City, Arizona, filed this action raising claims under the Americans with Disabilities Act with regard to service animals in a public place.[1] He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 12) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915.[2] (*See* D.I. 2)

## II. BACKGROUND

Plaintiff filed the instant lawsuit on July 11, 2014, alleging Defendant McDonald's Corporation ("McDonald's") violated the Americans with Disabilities Act ("ADA"). The Complaint does not reference a particular section of the ADA but, in reading the Complaint, it appears that Plaintiff refers to Title III of the ADA, 42 U.S.C. § 12181, *et seq.* which prohibits discrimination against the disabled in the full and equal enjoyment of public accommodations.[3] *Id.* at § 12182(a).

Concurrent with the filing of the Complaint, Plaintiff filed a DVD multi-media document relating to an incident that occurred at a McDonald's in Salem, Oregon, on July 4, 2012. (D.I. 3) The recording shows that on July 4, 2012, Plaintiff went with his dog to the McDonald's. While he

---

[1] Plaintiff resided in Indianapolis, Indiana at the time he filed the Complaint.

[2] McDonald's filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on November 21, 2014, opposed by Plaintiff. (*See* D.I. 18, 19) As will be discussed, the Complaint is time-barred. Therefore, the motion to dismiss will be denied as moot.

[3] On December 26, 2012, plaintiff filed a complaint in the U.S. District Court for the Southern District of Indiana, alleging that the events that transpired on July 4, 2012 violated his rights. *See Bracken v. McDonald's Corp.*, Civ. No. 12-1883-WTL-DML (S.D. Ind.). On April 25, 2013, Plaintiff's case was transferred to U.S. District Court for the District of Oregon. *See Bracken v. McDonald's Corp.*, Civ. No. 13-697-AA (D. Or.). McDonald's moved to dismiss the action and, on July 2, 2013, the Complaint was dismissed without prejudice for failure to state a claim upon which relief may be granted. (*Id.* at D.I. 35) Plaintiff did not appeal the dismissal.

1

was eating, a franchise employee approached Plaintiff and asked him to provide certification from the State of Oregon to verify that the dog was a service animal. Plaintiff responded that the dog was a service animal and that no state certification was required. Plaintiff then quoted from the Department of Human Services website, which specifies that it is illegal under the ADA to deny an individual public accommodation on the basis that an alleged service animal lacks documentation. The franchise employee explained that she was not asking Plaintiff, but only his dog, to leave the restaurant, due to potential health code violations. The franchise employee ultimately apologized to Plaintiff and offered to refund his money or prepare a fresh meal for him. Plaintiff refused these offers and left the restaurant after recording this entire exchange via a camera on his laptop.

The Complaint alleges that Plaintiff has evidence of McDonald's franchise partners continuing discrimination and not correcting the matter after it was brought to McDonald's attention. The Complaint does not specifically articulate dates or circumstances of the other alleged acts of discrimination. For relief, Plaintiff requests $5,750,000 in damages and revisions to McDonald's policies concerning service animals, as well as the initiation of a non-profit service animal advocacy program.

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff is proceeding *pro se*, his pleading is liberally construed and his Complaint, "however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back). A court that considers whether an action is malicious must determine whether the action is an attempt to vex, injure, or harass the defendant. *See Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995). Repetitive litigation is some evidence of a litigant's motivation to vex or harass a defendant where it serves no legitimate purpose. *See Fiorani v. Hewlett Packard Corp.*, 547 F. App'x 103, 105 (3d Cir. Sept. 26, 2013).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his Complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes

3

that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).

To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted) (citing *Iqbal*, 556 U.S. at 679; *Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 73 (3d Cir. 2011)). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

### A. Statute of Limitations

Because the ADA does not contain a statute of limitations, the Court applies the most appropriate or analogous state statute of limitations. *See Burkhart v. Widener Univ., Inc.*, 70 F. App'x 52, 53 (3d Cir. Apr. 21, 2004) (citing *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987) (applying

4

state statute of limitations for personal injury claims to race discrimination under 42 U.S.C. § 1981)). Oregon's statute of limitations for personal injury claims is two years.[4] *See* Or. Rev. Stat. § 12.110. The Court, therefore, applies a two-year statute of limitations to Plaintiff's ADA claims.

The general rule is that the statute of limitations begins to run as soon as a right to institute and maintain suit arises. *See Haugh v. Allstate Ins. Co.*, 322 F.3d 227 (3d Cir. 2003). In addition, a cause of action accrues, and the statute of limitations begins to run, under Title III of the ADA when the plaintiff knows or has reason to know of the injury that is the basis for the action. *See Burkhart*, 70 F. App'x at 53. In a discrimination case, the focus is on when the discriminatory act occurs, not when the consequences of that act become painful. *See id.* (citing *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)).

The statute of limitations is an affirmative defense that generally must be raised by the defendant and is waived if not done so properly. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

Here, it is apparent from the face of the Complaint that the action is time-barred. The acts in Oregon occurred on July 4, 2012, yet Plaintiff did not file the instant Complaint until July 11,

---

[4]The Court looks to Oregon law because Plaintiff's claim speaks to events that occurred there. Nonetheless, the limitation period for personal injury claims in Delaware is also two years. *See* 10 Del. C. § 8119.

2014, after the expiration of the two-year limitation period.[5] The Court is aware that Plaintiff filed basically the same Complaint and that the case was dismissed without prejudice on July 2, 2013. However, the "statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice," as "the original complaint is treated as if it never existed." *Cardio-Medical Assocs. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 77 (3d Cir. 1983); *accord Lee v. Aft-Yakima*, 2011 WL 2181808, at *5 (E.D. Wash. June 3, 2011).

The Complaint is time-barred and, therefore, will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### B. Maliciousness

The Court has also reviewed the instant Complaint for maliciousness, based on its relationship to the other case filed by Plaintiff. Because the Complaint is being dismissed as time-barred, it is unnecessary for the Court to make a conclusion as to maliciousness.

### C. Contact by Plaintiff

In its motion to dismiss, which the Court will deny as moot, McDonald's seeks an order to prelude Plaintiff from contacting its representatives and employees and for all contact with it to take place through its attorneys and by U.S. mail. McDonald's considers Plaintiff's conduct harassing and threatening. (*See* D.I. 18) In turn, Plaintiff responds that he has been threatened by counsel for McDonald's. (*See* D.I. 19)

Given that this matter is time-barred and, therefore, legally frivolous, the Court will deny the motion as moot.

---

[5]Plaintiff's Complaint was signed on July 4, 2014. However, this is not a prisoner case and, therefore, the exceptions to timing requirements as set forth in the "prison mailbox rule" are inapplicable. *See Kareem v. F.D.I.C*, 482 F. App'x 594, 595 (D.C. Cir. Sept. 28, 2012) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) and *Houston v. Lack*, 487 U.S. 266 (1988)). *See also* Fed. R. Civ. P. 5(d)(2) (a paper is filed by "delivering it" to the Clerk).

6

## V. CONCLUSION

For the above reasons, the Complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile. The Court will deny as moot McDonald's combined motion to dismiss and motion to preclude Plaintiff's contact except by U.S. mail. (D.I. 18)

An appropriate Order follows.